UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


JEFFREY M. SKELLY

                                              PRISONER

     v.                                  Case No. 3:11-cv-658(VLB)

CONNECTICUT DEPARTMENT OF
CORRECTIONS


RULING GRANTING DEFENDANT'S MOTION TO DISMISS

The petitioner, Jeffrey M. Skelly, currently confined at Cheshire Correctional Institution in Cheshire, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. He challenges his 2002 state court conviction for manslaughter in the first degree. The respondent has moved to dismiss on the ground that the petition is untimely. For the reasons that follow, the motion will be GRANTED.


I.     <u>Procedural Background</u>

In early August 2000, Bridgeport Police Officers arrested the plaintiff on murder charges. In late November 2001, in the Connecticut Superior Court for the Judicial District of Fairfield at Bridgeport, the plaintiff began his jury trial. At the close of the prosecution's case, the petitioner moved for a judgment of acquittal. The judge granted the motion and entered a judgment of acquittal. That same day, the Senior State's Attorney filed a substitute information charging the plaintiff with manslaughter in the first degree. The petitioner then presented

his case.   The jury subsequently found the plaintiff guilty of manslaughter in the first degree in violation of Conn. Gen. Stat. § 53a-55(a)(1).    (*See* Pet. Writ Habeas Corpus, Exs. at 24,-25 and 62-63.)

On January 18, 2002, a judge sentenced the petitioner to twenty years, execution suspended after seventeen years, followed by five years of probation. (*See* Pet. Writ Habeas Corpus at 2.)  On appeal, the petitioner argued that the trial court had erred in its instructions to the jury on defense of self-defense.  *See State v. Skelly*, 78 Conn. App. 513, 514, 827 A.2d 759, 760 (2003).  On August 5, 2003, the Connecticut Appellate Court affirmed the judgment of conviction.  *See id.* at 521, 827 A. 2d at 764.  On September 18, 2003, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Appellate Court.  *See State v. Skelly*, 266 Conn. App. 910, 832 A.2d 74 (2003).  The petitioner did not file a petition for certiorari in the United States Supreme Court.

On January 26, 2005, the petitioner filed a habeas petition in state court challenging his 2002 conviction.  *See Skelly v. Warden*, TSR054000306S,  2006 WL 2949102, at *1 (Conn. Super. Ct. Sept. 29, 2006).   On September 29, 2006, after an evidentiary hearing, a Superior Court Judge denied the petition.  *See id.* at *3. On appeal to the Connecticut Appellate Court, the petitioner argued that the court had abused its discretion in denying his petition for certification to appeal and improperly concluded that he had not been subject to double jeopardy in his criminal trial.  *See   Skelly v. Commissioner of Correction*, 127 Conn. App. 721, 722, 14 A.3d 1080, 1081 (2011).  On April 5, 2011, the Connecticut Appellate Court dismissed the appeal.  *See id.* at 723, 14 A.3d at 1082.  The petitioner did not file a

2

petition for certification to appeal the decision of the Connecticut Appellate Court.

The petitioner filed the present petition on April 11, 2011, the date he signed the petition and presumably gave it to prison officials for filing.[1]  The petition includes the following claims: (1) ineffective assistance of trial counsel; (2) whether the evidence supported his claim of self defense; (3) his conviction for manslaughter violates the prohibition against double jeopardy; and (4) many instances of trial court error

II.   <u>Standard of Review</u>

Federal habeas corpus statutes impose a one-year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court.  *See* 28 U.S.C. § 2244(d)(1).  The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during

---

[1]  The Second Circuit considers a habeas petition to be filed in federal court on the day the inmate gives the petition to prison officials for mailing.  *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir.) (*pro se* prisoner's petition for writ of habeas corpus is considered filed as of the date the prisoner gives the petition to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)), *cert. denied*, 534 U.S. 886 (2001).  Connecticut state courts, however, have not adopted the prison mailbox rule.  *See Hastings v. Commissioner*, 82 Conn. App. 600, 6004, 847 A.2d 1009, 1012 (2004), cert. dismissed as improvidently granted, 274 Conn. 555, 876 A.2d 1196 (2005).  Thus, under Connecticut law, a state habeas petition is not properly filed until it is actually received in a Superior Court clerk's office.

which a properly filed state habeas petition is pending.  *See* 28 U.S.C. § 2244; *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001).

The doctrine of equitable tolling applies in section 2254 cases.  *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010).  Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir.), *cert. denied sub nom. Diaz v. Conway*, 555 U.S. 870 (2008).  The threshold for petitioner to establish equitable tolling is very high.  *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), *cert. denied*, 531 U.S. 840 (2000).


## III.   Discussion

The respondent argues that the petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) .  The petitioner does not address this argument.

The petitioner's conviction became final on December 17, 2003, the date on which the ninety-day time period for filing a petition for writ of certiorari with the United States Supreme Court expired.  *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) ("it was not until January 6, 2004, when the time for seeking certiorari review in this Court expired, that petitioner's conviction became 'final' through 'the conclusion of direct review or the expiraton of the time for seeking such

4

review' under § 2244(d)(1)(A)"); *Pratt v. Greiner*, 306 F.3d 1190, 1195 n. 1 (2d Cir.2002) ( "[a] conviction becomes final for purposes of 28 U.S.C. § 2244(d) upon expiration of the ninety-day period to petition for a writ of certiorari to the United States Supreme Court."). The statute of limitations began to run on December 18, 2003. *See Williams*, 237 F.3d at 151 (the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the conclusion of the time within which a petition for certiorari could have been filed), *cert. denied*, 534 U.S. 924 (2001). The limitations period expired a year later on December 18, 2004. The petitioner did not filed his state habeas petition until January 25, 2005.

It is apparent that the present petition is barred by the statute of limitations. The petitioner has presented no argument that equitable tolling should be invoked.   Accordingly, the motion to dismiss is granted on the ground that the petition is barred by the statute of limitations.


IV.   Conclusion

The Motion to Dismiss [Doc. No. 14] is GRANTED and the Petition [Doc. No. 1] is DISMISSED as time-barred. In view of the dismissal of the habeas petition on the ground that it is barred by the statute of limitations, the Motion for the Court to Retrieve Recordings [Doc. No. 22] of oral arguments made by the petitioner in the Connecticut Superior and Appellate Courts in support of the petition is DENIED as moot.

The court concludes that jurists of reason would not find it debatable that

the petitioner failed to timely file this petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgment and close this case.

SO ORDERED this 20th day of September 2012, at Hartford, Connecticut.

_____/s/_____
Vanessa L. Bryant
United States District Judge